Mitchell M. Tsai SBN: 277156
Jason A. Cohen SBN: 318160
MITCHELL M. TSAI, ATTORNEY AT LAW
139 S. Hudson Ave, Suite 200
Pasadena, California 91101
Tel: (626) 314 – 3821
Fax: (626) 389 – 5414
Email: mitch@mitchtsailaw.com
Email: jason@mitchtsailaw.com
Email: info@mitchtsailaw.com

Thomas E. Napoli SBN: 297570
THOMAS E. NAPOLI, ATTORNEY AT LAW
P.O. Box 303
Trabuco Canyon, CA 92678
Tel: (949) 713 – 0948
Email: ten@tenapolilaw.com

Attorneys for Petitioner and Plaintiff,
FRIENDS OF NEWPORT HARBOR

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRIENDS OF NEWPORT HARBOR, <br><br> Petitioner and Plaintiff, <br><br> v. <br><br> UNITED STATES ARMY CORPS OF ENGINEERS, and DOES 1–10; <br><br> Respondent and Defendant. | CASE NO.: <br><br> **COMPLAINT FOR INJUNCTIVE RELIEF** <br><br> Freedom of Information Act, 5 U.S.C., § 552, *et seq.* |

## INTRODUCTION

1. This action under the Freedom of Information Act ("FOIA"), 5 U.S.C. section 552, for injunctive and other appropriate relief, seeks the release of Defendant United States Army Corps of Engineer agency ("USACE" or "Defendant") records requested by Plaintiff Friends of Newport Harbor ("Friends" or "Petitioner").

2. Friends challenges both the USACE's failure to provide a timely response to its FOIA requests for agency records regarding the City of Newport Beach's (the "City") confined aquatic disposal project and maintenance dredging project and failure to conduct a search for responsive records to Friends' requests as well as disclose all non-exempt documents yielded by that search.

## PARTIES

3. Plaintiff FRIENDS OF NEWPORT HARBOR is a limited liability company serving as a volunteer group of residents and local supporters in Orange County that want to ensure that contaminated materials that are unsuitable for open ocean disposal are not deposited in a residential recreational harbor.

4. Defendant and Respondent UNITED STATES ARMY CORPS OF ENGINEERS is a federal agency that has offices in State of California, including in Los Angeles, California. USACE qualifies as a federal agency under 5 U.S.C. § 552(f)(1) because it is a military department under the executive branch of government, with an office in Los Angeles, California.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C § 1331 and 5 U.S.C § 552 because the actions concern a failure of the USACE to provide documents pursuant to the Freedom of Information Act, and the district courts have original jurisdiction under the United States Code.

6. Venue is proper in the Central District of California under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391 because the records at issue concern actions that occurred and arose in the area where the district sits, namely, in Los Angeles in Los Angeles County and Newport Beach in Orange County, California since Plaintiff resides within the district and a substantial part of the events giving rise to the claim occurred there.

7. This petition is timely filed within the applicable statute of limitations.

## STATUTORY BACKGROUND

**Freedom of Information Act**

8. The Freedom of Information Act, 5 USC § 552 requires federal agencies to make nonconfidential information available to the public by request so long as the records are reasonably

described, and is made in accordance with published rules stating the time, place, fees, and procedures to be followed. 5 U.S.C. Section 552(3)(A).

9. The Freedom of Information Act requires federal agencies upon submission of a request for information to determine within 20 days, excepting Saturdays, Sundays, and legal public holidays, whether the agency will comply with the request. 5 U.S.C. Section 552(6)(A)(i)(I) and (II).

10. The 20-day period commences when the request is first received. 5 U.S.C. Section 552(6)(A)(i), and cannot be tolled other than if an agency makes one request to the requester for information to toll, or to clarify with the requester fee assessments. 5 U.S.C. Section 552(6)(A)(ii)(I) and (II). Here it is important to note that an agency may make no more than one request to toll the 20-day period.

11. Even in unusual circumstances, the aforementioned time limits may be extended by no more than 10 days by written notice to the requester which sets forth the unusual circumstances. 5 U.S.C. Section 552(6)(B)(i).

12. Lastly, any person making a request to any agency for records under the other subsections of 5 U.S.C. 552 has exhausted its administrative remedies if the agency fails to comply with the applicable time limit provisions. 5 U.S.C. 552(6)(C)(i). The USACE is a government agency under the executive branch that adheres to all FOIA regulations under 5 U.S.C. 552, *et seq.* (See usace.army.mil/FOIA.aspx).

13. In violation of these and other sections of The Freedom of Information Act, on complaint the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated … has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. 5 U.S.C. 552(4)(B).

## STATEMENT OF FACTS

14. Petitioner sought documents and information concerning the Confined Aquatic Disposal Facility ("CAD") and maintenance dredging projects in Newport Beach, California.

15. USACE, as part of its responsibility to keep navigational channels open, is proposing to dredge parts of the City's Newport Harbor and has prepared an EA/FONSI in compliance with the National Environmental Policy Act (NEPA).

16. Plaintiffs believe that the EA/FONSI for USACE's dredging activities have been signed, but have still not received a copy from USACE's office.

17. At some time prior to December 16, 2021 the City submitted an application to construct

a CAD facility in the central portion of Lower Newport Bay, and for Clean Water Act Section 404 permits to the USACE to design and construct a CAD in the Newport Harbor to be used by USACE and local residents to dispose of highly contaminated sediment not suitable for normal disposal (Exhibit A). USACE is processing the City's permit, and at this time it is unknown if the permit has been issued or of the USACE has assigned an EA/FONSI for the CAD project.

18. In order to obtain the above documents and any related documents, Thomas E. Napoli, attorney, sent a FOIA request to the USACE on November 29, 2022.

19. On December 2, 2022, Linda J. Harris of the USACE responded to Thomas Napoli, where she indicated that she could not begin processing the request until a "clear response was received." (Exhibit B). Over the next several days, Thomas Napoli and Linda Harris confirmed the clarification and then began processing the request on December 5, 2022. (Exhibit C).

20. Thomas Napoli requested an update on December 26, 2022, to which Linda Harris responded on December 28, 2023 indicating she would be taking an extension to provide documents, with no firm deadline. (Exhibit D).

21. Linda Harris then requested an additional ten days from the deadline of January 4, 2023. (Exhibit E).

22. After receiving no response, Thomas Napoli emailed Linda Harris on February 2, 2023 concerning the FOIA requests and indicating. (Exhibit F).

23. Julie M. Reigns of the USACE responded to Thomas Napoli on February 2, 2023 indicating that Julia Harris no longer worked for USACE, and that the search was still ongoing and that she "hope[d] to have an update" for him in the "next couple of weeks." (Exhibit G).

24. To date, over 90 days after the initial request, no documents have been provided. It is clear that the USACE is kicking the can, and violating the law while doing so, as has followed none of the procedures outlined by 5 U.SC. section 552, *et seq.* concerning the tolling or allowable extensions of time allotted for production of documents. They have exceeded the time limits set by the laws governing FOIA requests, and have consequently violated 5 U.S.C. section 552, *et seq.*

25. Petitioner has therefore exhausted its administrative remedies under 5 U.S.C. 552(6)(C)(i) due to USACE's failure to comply with the timeliness requirements of FOIA, hence the filing of this petition.

-4-
COMPLAINT FOR INJUNCTIVE RELIEF

## FIRST CAUSE OF ACTION

### Violation of FOIA

### (Failure to Comply with Statutory Deadlines)

26. Petitioner realleges and incorporates all preceding paragraphs.

27. Respondent USACE failed to make a determination on Petitioner's FOIA Requests for over 60 working days since it has still not received such a determination. It should have received a determination by December 28, 2022, 20 working days after the initial request was received on November 29, 2022. It has therefore violated the 20-working-day deadline required by 5 U.S.C. section 552(a)(6)(A)(i).

28. Furthermore, USACE has not provided written notice to Petitioner outlining any unusual circumstances that would allow for only one additional 10-day extension, as provided by U.S.C. section 552(a)(b)(i), and therefore any delays of USCACE beyond the 20-day limit were unlawful.

29. Respondent USACE has therefore failed to comply with the time limit provisions under the aforementioned applicable code.

30. Petitioner has exhausted all of its administrative remedies pursuant to 5 U.S.C. section 552(a)(6)(C)(i) since USACE failed to comply with the applicable time limit provisions.

31. Petitioner has no other recourse other than to file this complaint pursuant to 5 U.S.C.(a)(4)(B).

## SECOND CAUSE OF ACTION

### Violation of FOIA

### (Unlawful Withholding of Agency Records)

32. Petitioner realleges and incorporates all preceding paragraphs.

33. Respondent USACE failed to search for records responsive to Petitioner's FOIA requests, since it has to date produced no responsive records after 60 working days and 90 calendar days after the request was first submitted by Thomas Napoli, nor provided any meaningful response as to when documents would be produced or provided reasons why there have been delays that exceeded the limits delineated by statute.

34. Respondent USACE wrongfully withheld agency records requested by Petitioner by failing to provide any responsive records in a timely manner, since it has to date produced no responsive records after 60 working days and 90 calendar days after the request was first submitted by Thomas Napoli, nor provided any meaningful response as to when documents would be produced or provided reasons why there have been delays that exceeded the limits delineated by statute.

35. Furthermore, USACE has not provided written notice to Petitioner outlining any unusual circumstances that would allow for only one additional 10-day extension, as provided by U.S.C. section 552(a)(b)(i), and therefore any delays of USCACE beyond the 20-day limit were unlawful.

36. Petitioner has exhausted all of its administrative remedies pursuant to 5 U.S.C. section 552(a)(6)(C)(i) since USACE failed to comply with the applicable time limit provisions.

37. Petitioner has no other recourse other than to file this complaint pursuant to 5 U.S.C.(a)(4)(B).

## PRAYER

WHEREFORE, Petitioner requests the Court:

a. Order Respondent to immediately conduct a reasonable search for all responsive records;

b. Order Respondent promptly disclose to Petitioner all non-exempt responsive records;

c. Order Respondent to grant Petitioner's fee waiver requests;

d. Award Petitioner's reasonable costs and attorney's fees in this action; and

e. Grant any other relief it deems appropriate.

DATED: February 28, 2023                MITCHELL M. TSAI, ATTORNEY AT LAW

By: _____
Mitchell M. Tsai
Jason A. Cohen
Thomas E. Napoli
Attorneys for FRIENDS OF NEWPORT HARBOR